# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 27, 2008

Charles R. Fulbruge III
Clerk

No. 07-30352
Summary Calendar

ROY S. LINDSEY,

Petitioner-Appellant,

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CV-1546

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Roy S. Lindsey, Louisiana prisoner # 121881, was convicted by a jury of simple robbery and was sentenced to life imprisonment after being adjudicated a fourth felony offender. He appeals the district court's denial of his 28 U.S.C. § 2254 petition challenging this conviction. He argues that his trial counsel rendered ineffective assistance by failing to investigate and challenge his prior convictions. Lindsey maintains that counsel should have challenged his 1988 simple burglary guilty plea because the plea resulted in a deferred adjudication

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that could not be counted against him.  The statute upon which Lindsey relies addresses the successful completion of deferred adjudication for first-time simple drug possession; Lindsey's burglary conviction is not covered.  See LA. REV. STAT. ANN. 40:983(A), repealed by Acts 1995, No. 1251, § 2.  Counsel does not render ineffective assistance by failing to make frivolous arguments.  See Johnson v. Cockrell, 306 F.3d 249, 255 (5th Cir. 2002).

Lindsey also contends that his life sentence was excessive in light of various mitigating factors.  To the extent that Lindsey is arguing that he was entitled to a lesser sentence in light of state law, his claim is not cognizable under § 2254.  See Derden v. McNeel, 978 F.2d 1453, 1458 (5th Cir. 1992).  To the extent that Lindsey is arguing that his life sentence is unconstitutionally excessive, he has failed to establish that his sentence is "grossly disproportionate" when compared to the offense committed.  See Harmelin v. Michigan, 501 U.S. 957, 965-66 (1991); Rummel v. Estelle, 445 U.S. 263, 284-85 (1980).  Lindsey has not established that the state courts' denial of relief "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1).  Consequently, the judgment of the district court is AFFIRMED.